IN THE MATTER OF: B. J.
No. COA04-1730
North Carolina Court of Appeals
Filed January 17, 2006
This case not for publication
Rutherford County No. 03 J 106.
Attorney General Roy Cooper, by Assistant Attorney General Caroline Farmer, for the State.
Moshera H. Mohamed, for defendant-appellant.
WYNN, Judge.
Under North Carolina General Statute section 7B-2702(c), a juvenile court may "require that the parent [of the juvenile] undergo . . . evaluation . . . directed toward remedying behaviors or conditions that led to or contributed to the juvenile's adjudication[.]" N.C. Gen. Stat. § 7B-2702(c) (2004). In this case, the juvenile's father argues that the trial court failed to make findings of fact to support its order requiring him to undergo a substance abuse assessment. We agree with the father's contention and therefore reverse that part of the trial court's order requiring the father to undergo substance abuse assessment. The State presented evidence to show that on 18 October 2003, the juvenile offender in this matter drove through a license check without a driver's license. When the police officer asked the juvenile why he was driving the car without a driver's license, the juvenile responded, "because [he] wanted to." The juvenile also told the police officer that his father did not know he had the car. The juvenile had previously been cited for driving without a driver's license on 30 July 2003.
A Juvenile Summons and a Notice of Hearing was served on the juvenile and the juvenile's father on 3 November 2003, and a dispositional hearing was held in District Court, Rutherford County on 22 December 2003. At the hearing, the juvenile stated through his counsel that his uncle was riding with him when he was stopped on 30 July, and that his brother was riding with him when he was stopped on 18 October. The trial judge asked the juvenile whether the juvenile's uncle or brother had been drinking prior to the juvenile driving on either occasion, and the juvenile responded, "No."
The juvenile's father was present at the dispositional hearing. The trial judge stated that she remembered the juvenile's father appearing before the court previously relating to a driving under the influence charge. When the trial judge asked the juvenile's father about the prior court appearance, the juvenile's father, who spoke and understood limited English, responded through an interpreter that he did not understand the charges in that case but that he did have to pay money because he had been involved in a car accident.
The juvenile admitted to two occasions of operating a motor vehicle without a license and was sentenced to one year supervised probation and sixty-five hours of community service. In a supplemental dispositional order entered 22 December 2003, the trial judge ordered the juvenile's father to attend parenting classes, obtain a substance abuse assessment, and secure all vehicle keys to prevent the juvenile from gaining possession of them. The juvenile's father appeals to this Court under North Carolina General Statute section 7B-2604(a) from that part of the trial court's order requiring him to obtain a substance abuse assessment. See N.C. Gen. Stat. § 7B-2604(a) (2004) (stating "[a]n appeal may be taken by the juvenile, the juvenile's parent, guardian, or custodian, a county, or the State.").
On appeal, the juvenile's father argues there were no findings of fact or appropriate conclusions of law to support that portion of the trial court's order requiring him to obtain a substance abuse assessment. We agree.
Here, the trial court's order requiring the juvenile's father to obtain a substance abuse assessment is a statutorily permissible disposition under North Carolina General Statute section 7B-2702(c) (stating that "the court may determine whether the best interests of the juvenile require that the parent undergo . . . evaluation . . . directed toward remedying behaviors or conditions that led to or contributed to the juvenile's adjudication[.]") N.C. Gen. Stat. § 7B-2702(c). However, the trial court's order does not contain any findings of fact or conclusions of law to support this disposition. We can only discern from the parties' briefs on appeal and the trial transcript that the basis of this portion of the trial court's order is the trial judge's recollection of a previous court appearance by the juvenile's father regarding an alleged driving under the influence charge. The following exchange occurred between the trial judge and the juvenile's counsel at the dispositional hearing:
BY THE COURT: I don't believe that. I've got a good memory. And if I had to guess, I would say the reason [the juvenile] was driving is because somebody was drinking and was not able to drive.
BY MR. SPARROW: That's not the information I had, Your Honor. The information that I had was that this was an occasion of the juvenile taking the car away without the 
BY THE COURT: Well, I'm not saying that the father had anything to do with that. But 
BY MR. SPARROW: And as far as we know, there is no history of alcohol or drug use.
BY THE COURT: Not with him, but 
Based on these comments, the trial judge did not believe that the father's drinking was related to the juvenile's driving without a license. Moreover, the predisposition report relating to the juvenile, which the trial court incorporated by reference in its 22 December 2003 order, finds that "No family member (including siblings) has been convicted/adjudicated for criminal acts." Because the trial court's dispositional order contains no findings of fact or conclusions of law to support the trial court's order for the juvenile's father to obtain a substance abuse assessment, and there is no evidence in the record to support such an order, we vacate that portion of the trial court's order requiring the juvenile's father to obtain a substance abuse assessment. Vacated in part.
Judges STEELMAN and LEWIS concur.
Report per Rule 30(e).